# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CORYESHA LAVONDA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-819 JMB |
| | ) | |
| JOHN COCHRAN VETERANS ADMINISTRATION MEDICAL CENTER, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action. The motion is granted. Additionally, the Court will require plaintiff to file an amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against the John Cochran Veterans Administration Medical Center ("VA") and an unknown physician. Plaintiff alleges that her primary mental health doctor did not properly treat her pain. She says the doctor increased her medication, which she believes made her pain worse.

## Discussion

The complaint is defective for a few reasons. First, plaintiff has not stated a basis for this Court's jurisdiction. Cases in federal court must be brought under a specific law or statute. It may be that plaintiff intends to bring this action under the Federal Torts Claim Act, 28 U.S.C. §§ 2761-80. If so, she needs to make that clear. If plaintiff is bringing this case under a different law, she must also make that clear.

Second, plaintiff has not provided the Court with enough information about her claims. She needs to state what her injury was and what she believes she needed. She should also describe the doctor's care more fully. And she should describe how she was injured by the mistreatment. A federal complaint must contain the "who, what, when, and where" of the alleged misconduct and resulting injury. *See* Fed. R. Civ. P. 8(a).

Third, the case cannot proceed unless plaintiff provides the name of the doctor she is trying to sue. Plaintiff needs to provide the defendant with enough information for it to provide an intelligible response.

Finally, the Federal Torts Claim Act requires that a plaintiff first present their claim to the appropriate federal agency, which in this case is the VA. *See* 28 U.S.C. § 2675(a). If plaintiff is trying to bring a claim under this Act, she should say whether or not she has formally presented this claim to the VA.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint, which complies with the instructions above, no later than twenty-one (21) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not comply with this Order, the Court may dismiss this action without further proceedings.

Dated this 14th day of July, 2016.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE